**In re Daniel Ray BROCK, Debtor.**

**Ellen BOYD–SMITH, Plaintiff,**

v.

**Daniel Ray BROCK, Defendant.**

**Bankruptcy No. 96–2647–RLB–7.
Adversary No. 96–301.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Feb. 14, 1997.

**814**

See also 227 B.R. 815.

J. Bradley Schooley, Hostetler & Kowalik, Indianapolis, IN, for plaintiff.

Stuart T. Bench, Indianapolis, IN, for defendant.

### ENTRY ON MOTION TO DISMISS

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Motion to Dismiss or in the Alternative Motion for Summary Judgment ("Motion to Dismiss"), filed by Daniel Ray Brock ("Debtor") on January 22, 1997. Ellen Boyd–Smith ("Creditor") filed a response ("Response") to the Motion to Dismiss on February 6, 1997. The Court, having reviewed the Motion to Dismiss and Response, now makes the following Entry.

The Debtor filed a petition under Chapter 7 on March 25, 1996. The Creditor filed the complaint ("Complaint") that initiated this adversary proceeding on August 1, 1996.

The marriage of the parties was dissolved in 1995, after a contested hearing regarding custody, visitation, and the splitting of the marital assets and debts. In the dissolution decree ("Dissolution Decree"), the dissolution court entered a judgment in favor of the Creditor, and against the Debtor, in the amount of $11,603.94. The dissolution court also ordered the Debtor to hold the Creditor harmless with respect to certain of the marital debts. (The two debts are hereinafter referred to collectively as the "Marital Debts").

In the Complaint, the Creditor alleges that the Marital Debts are non-dischargeable pursuant to 11 · U.S.C. §§ 523(a)(5) and 523(a)(15). In the Motion to Dismiss, the Debtor argues that the Complaint should be dismissed (at least as far as it pertains to Section 523(a)(15)), because Section 523(a)(15) is not applicable to the instant facts. According to the Debtor, Section 523(a)(15) cannot be applied to render a marital debt non-dischargeable, where the marital debt in issue arose as a result of a court order (as opposed to as a result of an agreement between the parties).

Section 523(a)(15) provides as follows:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

　. . . .

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by the governmental unit unless—

> (A) the debtor does not have the ability to pay such debt ...; or

> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

■ From the plain language of the statute, it is clear that Section 523(a)(15) can be applied to find non-dischargeability where 1) the parties entered into an agreement regarding a marital debt, *or* 2) the dissolution court ordered one of the parties to pay a marital debt. Section 523(a)(15) explicitly provides that a debtor is not discharged from a debt "incurred by the debtor in the course of a divorce" *or* "in connection with a separation agreement". The use of the disjunctive "or" makes clear the intent of Congress that

Section 523(a)(15) should apply both to court-ordered marital debts, and to marital debts agreed to by the parties. Cases handed down by other bankruptcy courts support the Court's position. *See, e.g., In re Smither,* 194 B.R. 102 (Bankr.W.D.Ky.1996) (applying Section 523(a)(15) to a court-ordered obligation).

The Debtor cites the legislative history for Section 523(a)(15) in support of his argument, but his argument is not successful. "It has long been held that courts must construe statutes according to their plain meaning." *In re Kent Plastics Corp.,* 183 B.R. 841, 847 (Bankr.S.D.Ind.1995), *citing Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Reference to the legislative history is only appropriate where the language of the statute is unclear or ambiguous. *Alex v. City of Chicago,* 29 F.3d 1235 (7th Cir.1994).

For all the foregoing reasons, it is the conclusion of the Court that the Motion to Dismiss should be denied.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and hereby is, DENIED.